# IN THE COURT OF APPEALS OF IOWA

No. 23-0180
Filed December 20, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRADLEY JOSEPH EVANS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mitchell County, DeDra Schroeder, Judge.

A defendant appeals the sentence imposed following his pleas of guilty to two counts of domestic abuse assault by impeding airflow and one count of willful injury causing bodily injury.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Bradley Joseph Evans appeals the sentence imposed following his pleas of guilty to two counts of domestic abuse assault by impeding airflow and one count of willful injury causing bodily injury. Finding no abuse of discretion in the district court's sentencing decision, we affirm.

Evans was originally charged in one case with willful injury causing serious injury, a class "C" felony, and domestic abuse assault by impeding air/blood flow causing bodily injury, a class "D" felony following an assault on J.M. on March 20–21, 2022. In a second case, Evans was charged with domestic abuse assault committed by knowingly impeding the normal breathing or circulation of blood flow of another, a class "D" felony; willful injury, a class "D" felony; and two counts of domestic abuse assault, both aggravated misdemeanors. These charges arose from assaults on J.M. on October 12–14, 2022.

On November 1, just before the start of the first trial, the parties reached a global plea agreement in which Evans would plead guilty to three class "D" felonies and the prosecution agreed to follow the recommendation of the presentence investigation report (PSI) and dismiss the other charges.

Evans entered written pleas in both cases. In the first, he pleaded guilty to willful injury causing bodily injury and domestic abuse assault by impeding the normal breathing of J.M. He admitted:

> on or about March 20, 2022, in Mitchell County, Iowa, I did an act, which was not justified with the specific intent to cause a serious injury to J.M. and my act caused bodily injury to the other person. I further admit that I did an act, without justification, which was intended to cause pain or injury to, or which was intended to result in physical contact which was insulting or offensive to another, coupled with the apparent ability to execute the act; and I knowingly impeded

the normal breathing or circulation of the blood of another by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person. My act caused bodily injury to [a] household member who resided together at the time of the assault.

He entered a separate written plea of guilty to one count of domestic abuse assault by impeding the normal breathing, admitting:

I admit on or about October 14, 2022, in Mitchell County, Iowa, I did an act, without justification, which was intended to be insulting or offensive or to result in bodily contact which was insulting or offensive to J.M. with the apparent ability to execute the act. I knowingly impeded the normal breathing or circulation of the blood of J.M. by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person. M[y] act caused bodily injury[.]

The presentence investigation report noted Evans was a former police officer, deputy, and drug abuse counselor. Evans indicated the court could rely on information contained in the PSI for sentencing purposes. Though Evans acknowledged both assaults occurred while he was intoxicated, the PSI report noted Evans indicated "he is not an alcoholic," "has never had a substance abuse evaluation," and "appeared unsure if this was an issue for him or not at this time." The PSI report concluded:

While on pretrial supervision it appears that the defendant did not seek treatment for his current issues and committed the same offense type while on pretrial release. Both of these criminal cases involve domestic violence with strangulation and also a willful injury that caused the victim to suffer a traumatic brain injury. Based on the aforementioned concerns, it is recommended the defendant be sentenced to incarceration.

At the January 3, 2023, sentencing hearing, the court noted J.M. had submitted a written statement and asked for the parties' recommendations. The State agreed with the PSI recommendation that prison terms be imposed. The

defense urged the court to suspend sentences and impose relevant conditions of probation.

Evans gave a statement of allocution, admitting he had "c[o]me to terms with the realization that I am an alcoholic" and needed help with his mental health. Evans asked that the court "strongly consider giving me the chance to prove myself by sentencing me to probation and mandating a substance abuse eval allowing me to demonstrate that I'm capable and dedicated to getting the treatment that I need and require." He expressed remorse about injuring J.M.

The court stated these reasons for imposing sentence:

> The laws of Iowa require that a court impose a sentence that provides for rehabilitation, protects the community, and deters others from committing these types of offenses.
> There are a lot of different factors to consider in determining an appropriate sentence. I look at your age. I look at your criminal history, which is none. I look at your employment circumstances, your family circumstances. I look at the nature of the offense, offenses. I look at your attitude, your statements you make, the presentence investigation report, any victim impact statements, and statements and arguments of counsel. I have considered all of those factors.
> The following is your sentence. Under FECR026562, willful injury, D felony, and domestic abuse assault impeding air flow, a D felony, on each, you're sentenced to an indeterminate sentence not to exceed five years in the Iowa prison system. Those sentences are not suspended. You'll be sent to the Iowa Medical and Classification Center on those cases. Counts I and II will run concurrent to each other. The fine of $1025 will be suspended on each Count.
> On AGCR026685, which is a domestic abuse assault impeding air flow, D felony, you'll be sentenced to an indeterminate sentence not to exceed five years. That will not be suspended. The fine of $1025 will be suspended. That will run consecutive to the FECR case. The reason for that is while I recognize it's the same victim, they're separate and distinct offenses that happened on separate and distinct days.

Evans appeals, contending the court abused its sentencing discretion in failing to give adequate reasons for the sentence imposed and in imposing a sentence of incarceration rather than probation.

We review the district court's sentencing decision for correction of errors of law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because the sentence imposed here is within statutory limits, it is "cloaked with a strong presumption in its favor[ ] and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).

The court considered rehabilitation, the protection of the community, and deterrence of others. It also considered Evan's age, his lack of criminal record, his employment and family circumstances, the nature of the offenses, Evans's attitude and statements, the victim's statement, the PSI, and statements of counsel. The court concluded an imposed prison term was appropriate.

We find no abuse of discretion in the court's decision. The court's reasoning does not prevent our review of the exercise of the court's discretion. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("Even a succinct and terse

statement of reasons may be sufficient as long as the brevity displayed does not prevent us from reviewing the exercise of the trial court's sentencing discretion.").

We determine the statement of reasoning provided by the court supporting consecutive sentences is also sufficient. The court noted the offenses were committed against the same victim on different dates. *See State v. Carberry*, 501 N.W.2d 473, 478 (Iowa 1993) (noting though the "statement of reasons for imposing consecutive sentences was extremely terse[,] [s]uch brevity of statement, however, does not necessarily handicap our review of the sentencing discretion"). Finding no abuse of discretion, we affirm.

**AFFIRMED.**

Greer, P.J., concurs; Ahlers, J., dissents.

**AHLERS, Judge** (dissenting).

I respectfully dissent for two reasons. First, Iowa Rule of Criminal Procedure 2.23(3)(d)'s requirement that the court "state on the record its reason for selecting the particular sentence" is not satisfied by merely reciting the statutory factors.[1] In *State v. Thacker*, our supreme court found mere recital of "the relevant factors required by law" insufficient to satisfy the rule's requirement because it "tells us nothing about how the district court arrived at a particular sentence in a particular case." 862 N.W.2d 402, 410 (Iowa 2015). In my view, that is what happened here. While the district court recited statutory factors, it gave no explanation as to what it was about those factors that led to the sentences imposed. In other words, the court gave no reasons for the sentences. While a "terse and succinct" statement of reasons may be sufficient, *see id.* at 408 (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989)), the statement here did not clear that low bar. I would find the failure to state reasons for the sentences imposed violated rule 2.23(3)(d), vacate the sentences, and remand for resentencing. *Id.* at 410 (vacating the sentence and remanding for resentencing when insufficient reasons were given for the sentence).

Second, I also believe that resentencing is required because the district court suspended the fines imposed without also placing Evans on probation. For the reasons explained in my partial dissent in *State v. Laue*, I believe it is

---

[1] Amendments to the Iowa Rules of Criminal Procedure became effective after imposition of sentencing in this case, including changes to rule 2.23. Following enactment of those amendments on July 1, 2023, rule 2.23(2)(f) now requires the district court to "ensure that the basis for the sentence imposed appears in the record."

impermissible for the district court to suspend any part of a sentence without also placing the defendant on probation. *See* No. 23-0208, 2023 WL 8448475, at \*2-3 (Iowa Ct. App. Dec. 6, 2023) (Ahlers, J., concurring in part and dissenting in part). Because the district court did so here, I believe the sentences imposed are illegal, and we must vacate the sentences and remand for resentencing. *See id.* at \*3 (noting that the remedy for a sentencing error of this type is to vacate the sentence and remand for resentencing).

For these reasons, I dissent from the majority's decision to affirm.